**KINNINGER et al. v. SAM W. EMERSON CO.**

**Civil Action No. 21050.**

District Court, N. D. Ohio, E. D.

July 3, 1945.

Allen & Allen, of Cincinnati, Ohio (John W. Meyer, of Hyde & Meyer, all of Cleveland, Ohio, of counsel), for plaintiffs.

B. M. Kent and A. J. Hudson (of Kwis, Hudson, Boughton & Williams), all of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This is a patent infringement suit based on claims 8, 20, 21, and 22 of Kinninger patent 2,245,559. It was admitted at time of trial that the defense was being conducted by J. Edward Ogden Co. of New York, manufacturer of the accused tie rods. The usual defenses of invalidity and non-infringement are relied on. The defendants base their defense of invalidity upon (a) no invention, and anticipation; (b) failure to define, as required by Section 33 of Title 35 U.S.C.A.; and (c) no basis in the specification for the claims in suit.

The patent relates to a form of tie used for holding form boards for concrete molds. The plaintiffs claim that the distinguishing features of the tie are "that it is breakable a considerable distance within the outer surface of a wall built up between opposing form walls" and "that it will not rotate in the intermediately fabricated wall but may be rotated near the outer surface of the intermediate wall so as to cause the wall tie to fail intermediate the center of the intermediately fabricated wall and the outside surface thereof". Plaintiffs state the purpose of the invention was "to weaken the form wall tie so as to cause it to fail in torsion without materially weakening the tensile strength thereof."

The court finds in favor of the defendants on the defense of invalidity. The patent was anticipated by the Schenk, Ewing, Podd, and Howes patents, and also by the Smith patents. While the plaintiffs' construction was in some details different from the devices shown in the previous patents, the ideas were all clearly revealed in the prior art. The differences employed by the plaintiffs were only mechanical variations.

It is unnecessary to pass upon the other defenses. But in passing, the court feels that the claimed invention is sufficiently defined and portrayed to meet the requirements of the statute, that the specifications support the claims; and the court feels that there would be infringement by the defendants if the broad claims of the plaintiffs' patent were upheld.

Judgment will be entered for defendants upon the ground of invalidity. Findings of fact and conclusions of law may be prepared by the defendants in accordance with the rule.